Johnny Calvin BAILEY,
Plaintiff–Appellant,

v.

Glenn JOHNSON, M.D.,
Defendant–Appellee.

No. 87–2096
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 15, 1988.

Johnny Calvin Bailey, pro se.

Before REAVLEY, KING and JOLLY, Circuit Judges.

PER CURIAM:

Johnny Calvin Bailey, a state prisoner proceeding *pro se* and *in forma pauperis,* appeals the dismissal of his civil rights suit against a prison physician. The district court found that the complaint, although it named a different defendant, duplicated the allegations in a prior suit and dismissed the successive case as frivolous. We affirm.

## I.

Johnny Calvin Bailey ("Bailey") is an inmate of the Texas Department of Corrections ("TDC") who has experienced numerous health problems. In June 1985, he brought a civil rights action in the United States District Court for the Southern District of Texas against the past and present directors of TDC, other TDC administrative officials, and several TDC medical doctors. The complaint, filed under 42 U.S.C. § 1983 and designated case number H–85–3378, alleged cruel and unusual punishment due to improper and inadequate medical treatment. Although the complaint did not name Doctor Glenn Johnson ("Dr. Johnson") as a defendant, Bailey alleged in the suit that Dr. Johnson refused to examine or prescribe any medications for him when he arrived at TDC's Ramsey I Unit ("Ramsey I"), where Dr. Johnson served as the unit physician, and that during Bailey's confinement at Ramsey I, the staff provided inadequate and improper treatment of his serious medical needs.

In November 1986, a district judge conducted a *Spears* hearing in case number H–85–3378 to develop Bailey's factual allegations. *See Spears v. McCotter,* 766 F.2d 179 (5th Cir.1985). At the hearing, Bailey primarily complained that he had not received treatment to remove his kidney stones, that he had been denied adequate pain medication and speedy medical appointments, and that he had not received special diet meals at Ramsey I. A TDC physician named Doctor Reeves attended the *Spears* hearing and advised the court that doctors at John Sealy Memorial Hospital had agreed to schedule Bailey for surgery, although the date was not set, and that Bailey's medical records showed that TDC's medical staff frequently saw and examined Bailey. The district court concluded from Bailey's "voluminous medical records" that Bailey clearly received "regular and appropriate medical care," and the court dismissed the case as frivolous under 28 U.S.C. § 1915(d) ("section 1915(d)"). The court entered a final judgment in case number H–85–3378 in April 1987, and Bailey did not appeal.

On November 20, 1986, shortly before the *Spears* hearing in the prior case, Bailey filed a similar civil rights complaint in the same district court, designated case number G–86–440. In this complaint, the one now before us, Bailey named Dr. Johnson and alleged inadequate medical care, including denials of pain medication for kidney stones and timely medical appointments. The district court simultaneously granted Bailey *in forma pauperis* ("IFP") status and dismissed the case as frivolous under section 1915(d). The court observed that Bailey's claims "appear to be generally duplicative" of the claims in case number H–85–3378, in which Bailey had already received a hearing. Bailey timely appealed from a final judgment entered on January 9, 1987 in case number G–86–440. On appeal, Bailey complains that the district court erred by summarily dismissing his second complaint because, although he duplicated allegations from the earlier suit, his new allegations may state a separate claim, and he requests that we appoint appellate counsel to represent him.

## II.

Section 1915(a) of Title 28, United States Code, enables an indigent person to bring an IFP action in federal court without paying fees and costs, but subsection (d) prevents abuse of the privilege by authorizing the court to "dismiss the case if the allegation of poverty is untrue, or if

satisfied that the action is frivolous or malicious." *See* 28 U.S.C. § 1915; *see also Green v. McKaskle,* 788 F.2d 1116, 1119 (5th Cir.1986). We have previously held that "[a] district court may dismiss an IFP proceeding for frivolousness or maliciousness at any time, before or after service of process," and that a district court is "vested with especially broad discretion" in determining whether such a dismissal is warranted. *See Green,* 788 F.2d at 1119. In ruling on a motion to proceed IFP on appeal, we have dismissed an appeal as frivolous because it involved a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, concluding that "[r]epetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious." *See Robinson v. Woodfork,* No. 86–3735 (5th Cir. May 22, 1987) (unpublished order) (citing *McCullough v. Morgan,* No. 85–2022 (5th Cir. July 3, 1985) (unpublished order) and *Hill v. Estelle,* 423 F.Supp. 690 (S.D.Tex.1976)). Other courts have also held that an IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915(d). *See, e.g., Van Meter v. Morgan,* 518 F.2d 366, 368 (8th Cir.1975); *Ballentine v. Crawford,* 563 F.Supp. 627, 629 (N.D.Ind.1983).

█ In this case, Bailey's complaint repeats the same factual allegations that he asserted in his earlier case, although he successively sued different defendants. Bailey does not deny that his present complaint against Dr. Johnson duplicated the allegations in his earlier suit; he merely argues that the district court lacked authority to summarily dismiss a complaint that stated a cause of action. In that respect, Bailey is mistaken because the court's power of dismissal in IFP cases under section 1915(d) is broader than in other civil cases under the Federal Rules of Civil Procedure. *See Jones v. Bales,* 58 F.R.D. 453, 463–64 (N.D.Ga.1972), *aff'd on the basis of the district court's opinion,* 480 F.2d 805 (5th Cir.1973). We perceive no abuse of the district court's discretion in dismissing this case as duplicative of Bail-ey's prior litigation and subject to dismissal under section 1915(d).

### III.

For the above reason, the judgment is AFFIRMED and the motion for appointment of counsel is DENIED.