865 F.2d 1271
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Lawrence SIMMONS, Plaintiff-Appellant,
v.
UNITED STATES of America, Unknown Federal Supervisor, et
al., Defendants-Appellees.
 No. 87-2422.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 28, 1988.
Decided Jan. 4, 1989.
 Before GOODWIN, Chief Judge, BARNES and KILKENNY, Circuit Judges.
 
 
 1
 Lawrence Simmons, a federal prisoner, appeals the dismissal of his civil rights action under 42 U.S.C. Sec. 1985(3), and 42 U.S.C. Sec. 1983. We affirm.
 
 
 2
 Simmons' claim for the return of an automobile is frivolous because the district court had previously denied the same claim in Simmons v. United States, CR F 81-95 EDP (E.D.Cal. Nov. 26, 1986). There was no appeal and the matter became res judicata. See Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir.1988) (an action is frivolous if it arises from the same series of events and alleges many of the same facts as another action filed by the same party); see also Tripati v. First National Bank & Trust, 821 F.2d 1368, 1370 (9th Cir.1987).
 
 
 3
 Simmons' claim for the return of a sales receipt and a pair of eyeglasses is also frivolous. Simmons fails to raise a colorable claim under 42 U.S.C. Sec. 1985(3) because he does not allege that the defendant's alleged failure to return his property was motivated by a racial or class based animus. See Ashelman v. Pope, 793 F.2d 1072, 1074 n. 1 (9th Cir.1986). Simmons also fails to raise a colorable claim under 42 U.S.C. Sec. 1983 and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 395-96 (1971), because he alleged no facts in his complaint which would show that the FBI agents' and Fresno police officers' failure to return his glasses and his receipt constituted more than mere negligence. See Daniels v. Williams, 474 U.S. 327, 330-32 (1986); Haynesworth v. Miller, 820 F.2d 1245, 1260 (D.C.Cir.1987).
 
 
 4
 Further, the district court had no obligation to inform Simmons of the deficiencies in his complaint and grant him leave to amend because the vague and conclusory allegations presented no possibility of stating a claim under any theory. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).
 
 
 5
 Finally, the trial judge correctly declined to disqualify himself. Simmons' attack on the judge was entirely based on the judge's judicial rulings. Herrington v. County of Sonoma, 834 F.2d 1488, 1502 (9th Cir.1987).
 
 
 6
 AFFIRMED.
 
 
 7
 ---------------
 
 
 
 * The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a).
 ** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3.