875 F.2d 863
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mark A. ENGLISH, Plaintiff-Appellant,
v.
John RUNDA, John Wigginton, Defendants-Appellees.
 No. 88-6302.
 
 1
 Sixth Circuit.
 
 
 2
 May 18, 1989.
 
 
 3
 Before MERRITT and KRUPANSKY, Circuit Judges, and DOUGLAS W. HILLMAN, Chief District Judge.*
 
 ORDER
 
 4
 Mark English, a pro se Kentucky prisoner, appeals the district court's sua sponte dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of theSixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 English is a convicted sex offender who must successfully complete a Sex Offender Treatment Program under Ky.Rev.Stat. Sec. 197.400 before he will be considered for parole. Seeking injunctive relief, English sued these corrections officials arguing that application of the statute to his case constitutes enactment of an ex post facto law because he was convicted prior to July 15, 1986, the effective date of the statute. The district court dismissed the suit as frivolous pursuant to 28 U.S.C. Sec. 1915(d) finding that English had no protected liberty interest in parole, and that the statute had not been retroactively applied to his case because English had not become eligible for parole until after the effective date of the statute. On appeal, English additionally argues that the requirement that he admit his guilt and participate in group counselling sessions violates his right to privacy.
 
 
 6
 Upon review, we affirm the district court's judgment for reasons other than those stated by the district court as the instant suit is duplicative of an earlier suit filed by the same plaintiff. In 1987, English filed a complaint (Case No. 87-0701) in the District Court for the Western District of Kentucky raising these identical claims. The defendants in the 1987 suit are different from those in the present action. The district court dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). In consolidated appeals (Case Nos. 88-5095/5384), this court, on November 1, 1988, vacated the dismissal and remanded the case to the district court concluding that the claims regarding privacy and confidentiality were not frivolous. Because resolution of the earlier suit will necessarily decide the issues in the instant suit, we conclude that this case was properly subject to dismissal as it is duplicative of plaintiff's earlier suit. See Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir.1988) (per curiam).
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed for the foregoing reasons pursuant to Rule 9(b)(5), Rules of the Sixth Circuit. Disposition of this appeal is without prejudice to any motion English may wish to file in the 1987 case regarding addition of the present appellees to that case.
 
 
 
 *
 The Honorable Douglas W. Hillman, Chief U.S. District Judge for the Western District of Michigan, sitting by designation