IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60400
Conference Calendar

_____

VERONICA MCCALLUP,

                                        Plaintiff-Appellant,

versus

ROBERT SINGLEY, SR., ET AL.,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:02-CV-289-BN
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Veronica McCallup, Mississippi state prisoner # K1256, appeals the district court's dismissal of her civil rights action as duplicative and therefore malicious. See 28 U.S.C. § 1915(e)(2)(B)(i). She asserts conclusionally that her claims are not duplicative. We DISMISS the appeal as frivolous.

The record in this case, as well as McCallup's allegations and arguments, indicate that she has raised the claims made in her instant complaint in some of her prior lawsuits. McCallup has failed to demonstrate that the district court abused its

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretion in dismissing her complaint as malicious, based on its being duplicative.  See Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988).

McCallup has asserted for the first time in her brief the following claims:  (1) wrongful placing of "drop meters" on her Indian burial grounds and selling mineral rights thereof; (2) defacing her tribal church with paint and placing a dog's body near the church; and (3) that she is still being held in prison although her parole was scheduled for September 2001. These claims will not be considered on this appeal because they were not pleaded in McCallup's complaint and they do not involve purely legal questions.  See Burch v. Coca-Cola Co., 119 F.3d 305, 319 (5th Cir. 1997); Kelly v. Foti, 77 F.3d 819, 822 (5th Cir. 1996).

McCallup contends that the district court erred by counting this case as a "strike" pursuant to 28 U.S.C. § 1915(g), because it involves nonprison litigation.  Section 1915(g) applies to all of a prisoner's frivolous or malicious litigation, however, not just to prison-related claims.   See Adepegba v. Hammons, 103 F.3d 383, 384-87 (5th Cir. 1996).

McCallup's appeal is without arguable merit and is therefore frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Accordingly, McCallup's appeal is DISMISSED.  See 5TH CIR. R. 42.2.  The district court's dismissal of McCallup's complaint as frivolous and the dismissal of this appeal as frivolous both

count as "strikes" pursuant to 28 U.S.C. § 1915(g).  See Adepegba, 103 F.3d at 388.  As McCallup has now accumulated at least five strikes, she may not proceed in forma pauperis in any civil action or appeal filed while she is incarcerated or detained in any facility unless she is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g); McCallup v. Musgrove, No. 02-60233 (5th Cir. Aug. 20, 2002) (unpublished).

McCallup is hereby cautioned that the prosecution of additional frivolous appeals will invite the imposition of additional sanctions.  Therefore McCallup should review any pending appeals to determine whether they raise frivolous issues.

APPEAL DISMISSED; THREE-STRIKES BAR NOTED; SANCTION WARNING ISSUED.