**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 20, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40430
Conference Calendar

_____

JOHNNIE R. PROPES,

                                        Plaintiff-Appellant,

versus

COLLIN COUNTY SHERIFF'S OFFICE,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:03-CV-135-PNB-DDB
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Johnnie R. Propes (Propes), Texas prisoner # 1178904,

proceeding pro se and in forma pauperis (IFP), appeals the

dismissal of his civil rights suit under 42 U.S.C. § 1983. The

district court dismissed Propes's 42 U.S.C. § 1983 action as

repetitious because Propes raised a similar claim in a

previously-filed civil rights suit, which is currently pending

before the district court. Propes argues only that he received

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

inadequate medical care while confined in the Collin County Detention Facility.

On appeal, Propes does not challenge the district court's dismissal of his civil rights suit as repetitious. Rather, he argues the merits of his inadequate medical care claim. Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). By failing to identify any error in the district court's judgment, Propes has abandoned the issue on appeal. Id. at 225.

Propes's appeal is without arguable merit and is DISMISSED as frivolous. 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The dismissal of the instant appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g), see Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996), as well as the district court's dismissal as repetitious. See Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) as malicious). Propes is CAUTIONED that if he accumulates three "strikes" under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Additionally, Propes's request for appointment of counsel is DENIED.