IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-10748
Conference Calendar

DARIUS NIGEL SAULS

Plaintiff-Appellant

v.

MARTHA E MAES; KELLY J SOOTER; ALAN N DANNER; THERESA L
HENDRICK; NARCISO A SANCHEZ; KENDALL T RICHERSON

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:06-CV-291

Before GARZA, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Darius Nigel Sauls, Texas prisoner # 917032, appeals from the dismissal
of his 42 U.S.C. § 1983 complaint as malicious. Sauls argues that the district
court erred in dismissing his complaint as duplicative of the complaint in case
no. 06-CV-276. Sauls reasserts his arguments that his civil rights were violated
by verbal threats, false disciplinary proceedings, and seizures of his property
from his cell.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Sauls does not argue, much less show, that the instant suit does not duplicate the claims in district court case no. 06-CV-276. Thus, Sauls has not shown that the district court abused its discretion in determining that the lawsuit was repetitious and, therefore, malicious. See Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988); See also Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993); Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir. 1989).

Sauls's appeal is without arguable merit and is therefore dismissed as frivolous. See 5th Cir. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The district court's dismissal of Sauls's complaint and the dismissal of this appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). The dismissal by the district court of case no. 06-CV-276 as frivolous and for failure to state a claim also counts as a strike under § 1915(g). See Adepegba, 103 F.3d at 387-88. Because Sauls has now accumulated three strikes, he is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.