# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 5, 2009

No. 08-10819
Summary Calendar

Charles R. Fulbruge III
Clerk

GAMA GABRIEL ANTUNEZ

Plaintiff - Appellant

v.

FNU MENDEZ, Officer, Middleton Unit

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:08-CV-44

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Federal prisoner Gama Gabriel Antunez brought a pro se 42 U.S.C. § 1983 action against Officer Mendez for allegedly throwing him against a wall and injuring his spine. The district court dismissed his complaint as malicious[1] and as time barred.[2]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 28 U.S.C. § 1915A.

[2] 28 U.S.C. § 1915.

The district court did not abuse its discretion in dismissing Antunez's complaint as malicious. "Repetitious litigation of virtually identical causes of action is subject to dismissal . . . as malicious."[3] Antunez had brought a prior suit against Mendez based on the same facts and raising the same claims he brings in the present action. The district court in that prior case granted Mendez summary judgment because Antunez failed to properly exhaust administrative prison grievance remedies before bringing suit, as required by the Prison Litigation Reform Act.[4] Specifically, after Antunez received an unfavorable response to his Step 1 grievance filing, he filed his Step 2 grievance outside of the ten day period a prisoner has to submit an appeal. The district court was within its discretion to sua sponte screen this repetitious complaint and dismiss it as malicious.

AFFIRMED.

---

[3] *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam).

[4] 42 U.S.C. § 1997e(a). *See Woodford v. Ngo*, 548 U.S. 81, 88 (2006) (holding for the prison-official petitioner that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court.").