# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-10197
Summary Calendar

THOMAS MCBARRON

Plaintiff-Appellant

v.

FEDERAL BUREAU OF PRISONS; NEWTON E KENDIG, Director, Bureau of Prisons; LES E FLEMING, Warden, Federal Medical Center Fort Worth; NEIL H ADLER, Warden, Federal Detention Center - Houston; MARY C MARTINEZ, Associate Warden of Medical at Federal Medical Center Fort Worth; VICTOR S ORSOLITS, Associate Warden of Medical at Federal Medical Center Forth Worth; PAUL CELESTIN, Health Service Administrator at Federal Medical Center Fort Worth; M WINKLMEIER, Assistant Health Services Administrator, Federal Detention Center - Houston; DO JOHN MILLS, Clinical Director, Federal Medical Center Fort Worth; MD ANTHONY CUBB, Clinical Director, Federal Detention Center Houston; Dr JOHN BARRY, Medical Officer, Federal Medical Center Fort Worth; Captain ARDEN HANSON, R.PH., Chief Pharmacist, Federal Medical Center Fort Worth; R ANDERSON, R.PH., Pharmacist, Federal Medical Center Fort Worth; J DICKENS, Mid-Level Practioner, Federal Medical Center Fort Worth; CECELIA COLON, Mid-Level Practioner, Federal Medical Center Fort Worth; WILLY FELICIANO, Mid-Level Practioner, Federal Medical Center Fort Worth; DANNY MARRERO, Mid-Level Practioner, Federal Medical Center Fort Worth; ROMAN E QUEZA, Mid-Level Practioner, Federal Medical Center Fort Worth; A MARTIN, Mid-Level Practitioner, Federal Detention Center Houston; BRUCE COX, Nurse, Federal Medical Center Fort Worth; ROGER SEARLES, Nurse, Federal Medical Center Fort Worth; MARY LEVINE, Nurse, Federal Medical Center Fort Worth; Captain ELMER Corrections Officer, Federal Medical Center Fort Worth; Captain LES PHILLIPS, Corrections Officer, Federal Medical Center Fort Worth also known as Les Randazzo; Leiutenant NFN HARRISON, Corrections Officer, Federal Medical Center Fort Worth; Leiutenant NFN HOPKINS, Corrections Officer, Federal

Medical Center Fort Worth; NFN WARD, Corrections Officer, Federal
Medical Center Fort Worth; L L BELL, Corrections Officer, Federal Medical
Center Fort Worth; A REEVES, Corrections Officer, Federal Medical Center
Fort Worth; NFN MCDONALD, Corrections Officer, Federal Medical Center
Fort Worth; B J BEARD, Unit Manager, Federal Detention Center Houston;
STEVE RAGON, Case Manager, Federal Medical Center Fort Worth;
NELSON VARGAS, Counselor, Federal Medical Center Fort Worth; TEENER
CALCOTE, Counselor, Federal Medical Center Fort Worth; DARRELL W
GRAY, Safety
Manager, Federal Medical Center Fort Worth; JOHN DOES 1-10; JANE
DOES 1-10

                                          Defendants-Appellees

-----

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CV-318

-----

Before KING, GARWOOD, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Thomas McBarron, federal prisoner # 44999-079, appeals from the district
court's dismissal of his *Bivens*[1] suit pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and
1915A. Reviewing the dismissal *de novo*, *Velasquez v. Woods*, 329 F.3d 420, 421
(5th Cir. 2003), we AFFIRM the district court's judgment for the following
reasons:

    1. The majority of McBarron's claims involved the same general series of
    events, facts, and conditions that were at issue in an earlier 28 U.S.C.

-----

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388
(1971).

§ 2241 proceeding and therefore constituted "'[r]epetitious litigation of virtually identical causes of action'" that were properly dismissed as malicious. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (citation omitted). We are satisfied that McBarron had an adequate opportunity for "one bite at the litigation apple." *See Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).

2. We find no reversible error in the district court's dismissal of claims on limitations grounds. The limitations period is generally tolled while a prisoner exhausts the prison grievance process. *See Harris v. Hegmann*, 198 F.3d 153, 158 (5th Cir. 1999). However, most of the claims McBarron cites as tolled by grievances were either dismissed as duplicative because they were raised in the earlier litigation, or they were facially untimely even allowing tolling for the period that prison grievances were pending. To the extent that McBarron's appendix may be construed to assert that tolling applies to the pendency of Federal Tort Claims Act administrative remedies, we find the issue inadequately briefed for review. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9). McBarron's citation to grievances concerning claims that arose after May 5, 2004 is inapplicable because the district court dismissed on limitations grounds only claims arising before that date.

3. McBarron asserts that he adequately pleaded that the defendants were deliberately indifferent to his need for surgery to repair an inguinal hernia. The record does not show that the recommended surgery was immediately necessary, and Dr. Reyes' difference of opinion as to the course of treatment or need for surgery does not constitute deliberate indifference. *See Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1999). McBarron may not have received all the treatment that he desired as quickly as he wanted, but the brief and pleadings show that he was not

ignored, that he was given pain medication, and that surgery was approved once it became medically necessary. No showing of deliberate indifference is made. *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (deliberate indifference requires that inmate show prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs'" (citation omitted)).

4. McBarron's claims in count 4 of the second amended complaint concerning allegedly unconstitutional policies or customs relating to the confinement and medical treatment of inmates were properly dismissed as conclusory allegations. *See Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997). Because the operative pleading was McBarron's third complaint in this suit, and because we do not see arguable merit in McBarron's claims, the district court did not abuse its discretion by dismissing the complaint without giving McBarron an opportunity to amend. *See Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999).

5. McBarron's claim for denial of access to courts was properly dismissed, because McBarron has not shown that he was prevented from filing a viable FTCA claim. Even assuming that McBarron was coerced into withdrawing his original complaint, the record indicates that McBarron was able to file a subsequent FTCA claim asserting the same facts. Therefore, McBarron has not demonstrated an actual injury. *See Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999).

6. Similarly, we find no error in the dismissal of McBarron's FTCA claims against the Bureau of Prisons because such claims may not be brought against a federal agency, and a plaintiff instead must name the United

States as the sole defendant. *See Galvin v. OSHA*, 860 F.2d 181, 183 & n.3 (5th Cir. 1988).

AFFIRMED.