# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-20768
Summary Calendar

JACK EUGENE THORNTON

Plaintiff-Appellant

v.

TERRILYN L MERCHANT, CSS, Wynne Unit Huntsville; BRUCE D
BAGGETT, Captain, Wynne Unit Huntsville; KELLY STRONG, Assistant
Warden, Wynne Unit Huntsville; TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, Institutional Division; ROCKLER EMPLOYEE, of Rockler
Woodworking & Hardware

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-2386

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jack Eugene Thornton, Texas prisoner # 752002, appeals the district
court's dismissal as frivolous of his 42 U.S.C. § 1983 action challenging a prison
disciplinary proceeding in which he lost various privileges and challenging the
loss of his personal property during his transfer to another cell block.

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in Fifth
Circuit Rule 47.5.4.

After the district court denied Thornton's motion for leave to proceed in forma pauperis (IFP) on appeal and certified that his appeal was not taken in good faith, Thornton paid the appellate filing fee. He does not challenge the district court's denial of his IFP motion and certification that his appeal was not taken in good faith. Thornton also does not explicitly challenge the district court's determination that state law provides an adequate post-deprivation remedy for his property loss. Therefore, Thornton has abandoned any challenge to the district court's denial of his IFP motion, certification that his appeal was not taken in good faith, and denial of his property loss claim. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Thornton argues that the evidence was not sufficient to support his disciplinary conviction for deception. He argues that no investigation was conducted and that the conviction was based solely on the speculation of Craft Shop Supervisor Merchant. Thornton argues that his due process rights were violated. He also argues that Warden Strong is liable because she failed to remedy a wrong after being informed of his conviction without evidence, and she denied his grievance without conducting any investigation.

Thornton has not shown that the district court erred in dismissing his claims challenging the prison disciplinary proceeding. The disciplinary punishments that Thornton received did not result in the deprivation of a constitutionally cognizable liberty interest as they were not "atypical and significant hardship[s] on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Thornton has not shown that the district court erred in dismissing his claims against the Texas Department of Criminal Justice (TDCJ) as barred by the Eleventh Amendment. Pursuant to the Eleventh Amendment, federal courts lack jurisdiction to entertain suits in law or equity against a nonconsenting state, or a state agency, by its own citizens. *In re Soileau*, 488 F.3d 302, 305 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 1220 (2008). "[A]s an instrumentality of the

2

state, TDCJ-ID is immune from [] suit on Eleventh Amendment grounds." *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). Consequently, Thornton's claims against TDCJ are barred by Eleventh Amendment immunity. *See id.*

Thornton has not shown that the district court erred in dismissing his claims against the unnamed employee of Rockler Company. To raise a valid § 1983 claim, a plaintiff must prove that a state actor infringed his constitutional rights. *Johnson v. Housing Auth. of Jefferson Parish*, 442 F.3d 356, 359 (5th Cir. 2006). Because the unnamed employee of Rockler Company is not a state actor, Thornton has not alleged a viable § 1983 claim against this employee. *See id.*

For the first time on appeal, Thornton raises the following claims: his procedural due process rights guaranteed by *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), were denied; his First Amendment right to petition the Government for redress of grievances was denied; and the unnamed employee of Rockler Company is liable because he conspired with state actors to violate Thornton's constitutional rights. We will not consider new theories of liability raised for the first time on appeal. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000).

Thornton's appeal lacks any issue of arguable merit and is therefore frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his appeal is dismissed as frivolous. *See* 5th Cir. R. 42.2. Thornton's motion for appointment of counsel is denied. Thornton is cautioned that the district court's dismissal of his complaint and this court's dismissal of this appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Thornton is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; SANCTION WARNING ISSUED.