# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-10863
Summary Calendar

GEORGE CORNIA

Plaintiff-Appellant

v.

DALLAS COUNTY SHERIFF/COUNTY JAIL

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CV-1088

Before DAVIS, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

George Cornia, Texas prisoner # 1235882, moves this court for authorization to proceed in forma pauperis (IFP) following the district court's dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1) as frivolous of his 42 U.S.C. § 1983. One who wishes to proceed IFP on appeal must show that he is impecunious and that he will raise a nonfrivolous appellate issue.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Baugh v. Taylor*, 117 F.3d 197, 202 n. 24 (5th Cir. 1997); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

Cornia argues that the district court erred by dismissing his suit as duplicative because his constitutional claims are not time barred and because he has never before sued the Dallas County Sheriff. Cornia has not shown that the district court abused its discretion by dismissing his suit as duplicative. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Thus, Cornia has not demonstrated that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, Cornia's motion to proceed IFP is denied. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997). Because his appeal is frivolous, *see Howard*, 707 F.2d at 219-20, the appeal is dismissed. *See* 5TH CIR. R. 42.2.

The district court's dismissal of Cornia's complaint as frivolous and the dismissal of this appeal as frivolous both count as strikes for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Cornia is warned that, if he accumulates three strikes pursuant to § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.