# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 21, 2011

No. 10-11186
Summary Calendar

Lyle W. Cayce
Clerk

VINCENT JOHN BAZEMORE, JR.,

                    Plaintiff-Appellant,

versus

ALAN BUIE, Assistant United States Attorney;
WALT JUNKER, Assistant United States Attorney,

                    Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
No. 3:10-CV-1505

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

    Vincent Bazemore, Jr., federal prisoner # 37160-177, seeks leave to pro-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ceed *in forma pauperis* ("IFP") in his appeal of the dismissal of his *Bivens*[1] action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The motion is construed as a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Bazemore challenges the dismissal of his case as barred by res judicata, arguing that, under the fourth prong of the res judicata test, the two cases at issue do not have the same nucleus of operative facts. *See Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). The record indicates, however, that the instant case in fact does have the same nucleus of operative facts as Bazemore's prior complaint filed in No. 3:10-CV-720, which the district court dismissed on the merits, because both cases concern the execution of the same property seizure warrants by the same parties. *See id.* Because Bazemore has not shown that his complaint alleged facts that, if accepted as true, stated a claim for relief that was plausible on its face, his complaint cannot survive the dismissal for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

This appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, Bazemore's request for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED. *See Baugh,* 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. This dismissal counts as a strike under 28 U.S.C. § 1915(g). Bazemore is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

---

[1] *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).