# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2013

Lyle W. Cayce
Clerk

No. 12-20581
Summary Calendar

JACK E. THORNTON,

Plaintiff-Appellant

v.

TERRILYN L. MERCHANT, Craft Shop Supervisor; RODNEY BLAKEY, TDCJ # 473072; HAROLD BURKETT, TDCJ # 539551; OTHER UNKNOWN INMATES,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-616

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Jack E. Thornton, Texas prisoner # 752002, appeals the district court's grant of summary judgment denying his retaliation claim against Officer Terrilyn Merchant, the craft shop supervisor, and the court's summary dismissal of his remaining claims as frivolous and for failure to state a claim. The undisputed evidence showed that Thornton's craft shop privileges were revoked

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because he was convicted of a disciplinary violation, that the Texas Department of Criminal Justice (TDCJ) rules required him to wait six months before he could reapply for craft shop privileges, that Thornton was placed on the waiting list when he became eligible again, and that he was subsequently removed from the waiting list because he was convicted of another disciplinary violation. The Warden, not Officer Merchant, makes the final determination concerning who is qualified to obtain craft shop privileges. Because Officer Merchant did not have the authority to and did not make the decision concerning whether Thornton's craft shop privileges should be reinstated, the district court did not err in determining that Thornton had failed to allege a chronology of events from which retaliation may plausibly be inferred. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

According to Thornton, the district court also erred in dismissing his claim concerning the allegedly false disciplinary charge as duplicative and malicious, arguing that this claim was never litigated on the merits. Thornton raised this claim in a previous § 1983 action; the district court summarily dismissed his complaint as frivolous under 28 U.S.C. § 1915A, and we dismissed his appeal as frivolous. *See Thornton v. Merchant*, No. H-08-2386 (S.D. Tex. Sept. 30, 2008); *Thornton v. Merchant*, No. 08-20768 (5th Cir. July 10, 2009). The district court, therefore, did not err in dismissing this claim as duplicative. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1998).

Next, Thornton contends that the district court erred in dismissing his claim concerning the alleged theft of some of his craft shop tools by two inmates and the destruction of his remaining craft shop tools after he failed to make arrangements to dispose of them. Thornton has not shown that the alleged theft and destruction of his property violated his due process rights as "the Texas tort of conversion provides [Thornton] with an adequate post-deprivation remedy." *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). Therefore, he has not shown that the district court erred in denying this claim. *See id.*

Additionally, Thornton contends that the defendants conspired to deprive him of his tools and equal protection. Because the TDCJ and its employees constitute a "single legal entity which is incapable of conspiring with itself," the district court did not err in determining that Thornton failed to state a claim for conspiracy under 42 U.S.C. § 1985(3). *See Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998). The district court also correctly determined that Thornton failed to state a claim because he did not allege that the defendants' actions were motivated by race or class-based animus as required by § 1985(3). *See Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th Cir. 2000).

According to Thornton, the grievance process was inadequate to pursue his claims because the grievance officers did not properly investigate or question witnesses to gather information concerning the defendants' misconduct. The district court did not err in determining that Thornton did not have a constitutionally protected liberty interest in having "grievances resolved to his satisfaction." *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Finally, Thornton argues that the district court erred in denying his motion for appointment of counsel. Because Thornton did not show that exceptional circumstances warranted the appointment of counsel, he has not shown that the district court abused its discretion in denying his motion. *See Castro Romero v. Becken*, 256 F.3d 349, 353-54 (5th Cir. 2001).

In his appellate brief, Thornton moves for appointment of counsel on appeal. Because he has not shown that this case involves exceptional circumstances, his request for appointment of counsel is denied. *See id.*

The district court's partial dismissal of Thornton's complaint as frivolous, malicious, and for failure to state a claim counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Thornton has two previous strikes. *See Thomas v. Merchant*, No. 08-20768 (5th Cir. July 10, 2009); *Thornton v. Merchant*, No. H-08-2386 (S.D. Tex. Sept. 30, 2008). Because Thornton has accumulated at least three strikes under

No. 12-20581

§ 1915(g), he may not proceed in forma pauperis in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). Thornton is cautioned that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will subject him to additional sanctions.

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; SECTION 1915(G) BAR IMPOSED.