# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30302
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 14, 2017

Lyle W. Cayce
Clerk

RICHARD SCROGGINS,

Plaintiff-Appellant

v.

WINN CORRECTIONAL CENTER; WARDEN WINN CORRECTIONAL CENTER; CAPTAIN WARD, Corrections Captain, Winn Correctional Center; CHIEF LUCAS, Chief of Security, Winn Correctional Center; GLORIA STOKES, Case Manager, Winn Correctional Center; CAPTAIN BOBBY TOLER; K. BRADFORD, Case Manager,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:15-CV-2711

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Richard Scroggins, Louisiana prisoner # 101395, appeals the dismissal of a 42 U.S.C. § 1983 civil rights action he filed against Gloria Stokes and other defendants associated with Winn Correctional Center. He alleged that some

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the defendants used excessive force against him after Stokes accused him of assaulting her, and that other defendants threatened to retaliate against him if he did not withdraw a grievance against Stokes.

The district court dismissed the action as malicious under 28 U.S.C. §§ 1915 & 1915A after concluding that the action was indistinguishable from a prior Section 1983 action Scroggins filed against these defendants and others arising from the same series of occurrences. We review the district court's decision for abuse of discretion. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).

A prisoner's civil rights action is subject to dismissal as malicious if it repeats virtually identical claims based on a common series of occurrences. *Bailey*, 846 F.2d at 1021; §§ 1915(e)(2)(B)(i), (ii) & 1915A(b)(1). Scroggins's action is essentially identical to an earlier action that was dismissed as frivolous. Accordingly, the district court did not abuse its discretion by dismissing the instant action as malicious. Because the instant appeal is without arguable merit, it is DISMISSED AS FRIVOLOUS. *See* 5TH CIR. R. 42.2; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

The district court's dismissal of the complaint as malicious and this court's dismissal of this appeal as frivolous count as two strikes for purposes of Section 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). The district court's dismissal of Scroggins's prior action as frivolous also counts as a strike. Thus, Scroggins has accumulated three strikes and is now BARRED from proceeding in forma pauperis in any civil action or appeal that is filed while he is incarcerated or detained unless he is under imminent danger of serious physical injury. *See* § 1915(g). Scroggins is also WARNED that future frivolous, repetitive, or otherwise abusive filings will result in the imposition of additional sanctions, including dismissal, monetary sanctions,

No. 16-30302

and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction.

APPEAL DISMISSED; Section 1915(g) SANCTION BAR IMPOSED; SANCTION WARNING ISSUED.