# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2021

Lyle W. Cayce
Clerk

No. 20-20350

Antonio Q. McGee,

*Plaintiff—Appellant*,

*versus*

Art Acevedo, *Chief of Police*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-2170

Before Higginbotham, Smith, and Oldham, *Circuit Judges*.
Per Curiam:[*]

Antonio Q. McGee, Texas prisoner # 02267742, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal as malicious and, in the alternative, frivolous of his 42 U.S.C. § 1983 complaint. He also moves for appointment of appellate counsel. The district court dismissed McGee's claims of unlawful arrest and confinement, which he previously

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

attempted to litigate, as malicious. It also denied McGee's request to proceed IFP on appeal on grounds that, with the instant dismissal, he had accumulated "three strikes" for purposes of 28 U.S.C. § 1915(g) and had not shown that he was under imminent danger of serious physical injury.

McGee fails to present a nonfrivolous issue for appeal, which is required to proceed IFP. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). A prisoner's civil rights action is subject to dismissal as malicious if it repeats virtually identical claims based on a common series of occurrences. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). McGee's action is essentially identical to an earlier action that was dismissed with prejudice.

Regarding the strike that he received from a previously dismissed complaint, *McGee v. Wallace*, No. 4:18-CV-419, 2018 WL 1730313 (S.D. Tex. Apr. 10, 2018), McGee's argument that a strike was improper because it was not dismissed in compliance with 42 U.S.C. § 1983 and 28 U.S.C. § 636(c) is unclear and lacks merit. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (holding that while this court liberally construes pro se briefs, pro se litigants "must still brief the issues"). His argument that his other dismissed complaint, *McGee v. Acevedo*, No. 4:19-CV-934 (S.D. Tex. Apr. 16, 2019), should not constitute a strike because it was dismissed without prejudice and was in connection with a habeas application similarly lacks merit. *See Brown v. Megg*, 857 F.3d 287, 291 (5th Cir. 2017) (holding that a district court should separate habeas claims from § 1983 claims where a complaint contains both and should impose a strike where all the § 1983 claims are dismissed as frivolous).

Thus, McGee's motion for leave to proceed IFP is DENIED. His motion for appointment of counsel is also DENIED. The appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.

No. 20-20350

The district court's dismissal of McGee's complaint as malicious and the dismissal of this appeal as frivolous count as two strikes under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). The dismissals of *Wallace* and *Acevedo* also count as two strikes. *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996); *Boyd v. Biggers*, 31 F.3d 279, 281, 284-85 (5th Cir. 1994). As such, McGee has incurred at least three strikes and is thus BARRED from bringing any civil action or appeal while detained or incarcerated in any facility "unless [he] is under imminent danger of serious physical injury." § 1915(g).