# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 7, 2021

Lyle W. Cayce
Clerk

No. 21-30025

Glenn Damond,

*Plaintiff—Appellant*,

*versus*

Sid J. Gautreaux, III; Janice Martin; Will Mitchell; Thomas Eskola; Division of Probation and Parole; Department of Probation and Parole; State of Louisiana; East Baton Rouge Parish Sheriff's Office; Louisiana State Police Department,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:20-CV-550

Before Jones, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Glenn Damond, Louisiana prisoner numbers 1200123529 & 394537, moves for leave to proceed in forma pauperis (IFP) on appeal from the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

district court's dismissal with prejudice of his pro se 42 U.S.C. § 1983 complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b)(1). By moving to proceed IFP in this court, Damond challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Damond fails to challenge the district court's finding that his complaint was duplicative of an earlier § 1983 lawsuit. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Therefore, Damond has abandoned any challenge to the district court's dismissal for failure to state a claim. *Brinkmann v. Dallas Cnty. Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1983). To the extent that Damond contends that the district court abused its discretion by denying him leave to amend his complaint, Damond does not explain, nor is it apparent, how an amended complaint would have affected the district court's unchallenged conclusion that he failed to state a claim. Thus, amendment would be futile. *See Avatar Expl., Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991).

Because Damond's appeal does not involve "legal points arguable on their merits," *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted), Damond's motion to proceed IFP is DENIED and the appeal is DISMISSED as frivolous, *see Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous and the district court's dismissal of Damond's § 1983 complaint for failure to state a claim count as two strikes under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 536-37 (2015). Damond has two other strikes based on the dismissals of his earlier § 1983 complaint and appeal. *Damond v. Louisiana*, 857 F. App'x 825, 826 (5th Cir. 2021). Because Damond now has at least three strikes, he is BARRED from proceeding IFP in any civil action

No. 21-30025

or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). He is WARNED that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions, and he is directed to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive.