# United States Court of Appeals for the Fifth Circuit

No. 21-30172
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 21, 2022

Lyle W. Cayce
Clerk

Dennis Ray Davis, Jr.,

*Plaintiff—Appellant*,

*versus*

Police Department of Shreveport; District Attorneys Office Caddo Parish; Sheriffs Office of Caddo Parish; State of Louisiana; City of Shreveport; Jousha Mayfiled; James E. Stewart, Jr.; Casey Jones; Steve Pator; Mekisha Creal; Ramona Emanuel; Brady D. O'Callaghan; Ronald J. Mittico; Wilbert Payor; Laura Fulco; Cherly Stills; Record Department Caddo Correctional Center; Yolanda; Carlos Prudhomme; Antona Florence; Public Service Commission Caddo Parish; Foster Campbell; Louisiana State Bar Association; Judiciary Commissioner; Office of Disciplinary Counsel,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:17-CV-531

Before Davis, Graves, and Higginson, *Circuit Judges*.

Per Curiam:*

Dennis Ray Davis, Jr., now Louisiana prisoner # 469947, appeals the dismissal of his civil action pursuant to 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim. On appeal, Davis, a sanctioned litigant who paid the filing fee in this court, challenges the denial of bail when he was a pretrial detainee, arguing that the claim does not challenge a criminal judgment and is not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), typographical and booking errors resulted in the denial of bail, and he was falsely imprisoned due to the denial of bail. Davis contends that the following were involved in denying him bail: the Caddo Parish Sheriff's Office; the Record Department of the Caddo Parish Correctional Center; staff at the Caddo Parish Correctional Center; Yolanda Williams; Cherly Stills; and Sheriff Steve Prator. Additionally, Davis contends that the district court erred in referring his case to a magistrate judge without his consent, and he moves for the appointment of counsel.

Although the district court did not dismiss the foregoing denial of bail and false imprisonment claim as malicious, we may affirm on any basis supported by the record. *See Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992). Because the claim repeats the same factual allegations presented in Davis's earlier cases, it warranted dismissal as malicious, and we affirm on that basis. *See Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); § 1915(e)(2)(B)(i); *see also Davis v. Wilson*, No. 5:17-CV-1269, 2021 WL 1619348 (W.D. La. Apr. 26, 2021) (unpublished); *Davis v. Wyche*, No. 5:18-CV-9, 2018 WL 2946399 (W.D. La. June 12, 2018) (unpublished); *Davis v. Wyche*, No. 5:17-CV-1230, 2017 WL 6503992 (W.D. La. Dec. 18, 2017) (unpublished).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30172

Next, it is unavailing for Davis to challenge the district court's referral of the case to the magistrate judge for a report and recommendation. Such a delegation, as well as the magistrate judge's issuance of findings and recommendations, is authorized under 28 U.S.C. § 636(b)(1), which does not require the consent of the parties. Last, by Davis's failure to brief, all of his remaining claims are abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Accordingly, the judgment of the district court is AFFIRMED as modified. Davis's motion for appointment of counsel is DENIED. We reiterate that Davis is barred under § 1915(g) from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g); *see also Davis v. Whyce*, 763 F. App'x 348, 349 (5th Cir. 2019); *Davis v. Comm'r Caddo Parish*, 777 F. App'x 775, 776 (5th Cir. 2019). Further, Davis is WARNED that future repetitive filings in this court or any court subject to this court's jurisdiction may subject him to sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings.