Yvonne BROWN, Appellant,

v.

**TEXAS BOARD OF NURSE EXAMINERS, Appellee.**

No. 05–04–01723–CV.

Court of Appeals of Texas, Dallas.

June 9, 2006.

Yvonne Brown, Desoto, pro se.

Joseph A. Pitner, Asst. Atty. Gen., Tort Litigation Div., Austin, for appellee.

Before Justices MORRIS, MOSELEY, and FITZGERALD.

## OPINION

Opinion by Justice MOSELEY.

Yvonne Evette Mosley Brown is appealing the dismissal of a bill of review pursuant to the vexatious litigant statute. In three points of error, Brown argues the statute does not apply to bills of review, she has a constitutional right to a bill of review, and if the Texas vexatious litigant statute applies to her bill of review then the statute is unconstitutional. We affirm the trial court's judgment. Brown was a registered nurse who operated a home health care agency in Desoto, Texas. She was contacted by the Texas Board of Nurse Examiners (the Board) regarding several alleged violations of the Nursing Practice Act. Eventually, the Board obtained a default judgment against Brown for failing to appear at a hearing to determine the status of her license. In April of 2000, her license was formally revoked by the Board. In June 2003, after filing numerous suits against the Board in numerous courts, Brown was declared to be a vexatious litigant pursuant to section 11.054(2) of the civil practices and remedies code by an order of the 126th Judicial District Court of Travis County. TEX. CIV. PRAC. & REM.CODE § 11.054(2) (Vernon 2002).

In the order, the trial court found there was not a reasonable probability Brown would prevail in her present litigation because the issues surrounding the revocation of her license by the Board had been adjudicated and are final. The court ordered Brown to post security for the Board's costs and attorney's fees; should she fail to post security, the current cause would be dismissed on the merits. In its order, the court also prohibited Brown from filing any new pro se lawsuits in the courts of Texas without the permission of the Local Administrative Judge of the court in which she intended to file the litigation.

However, in April 2004, Brown filed another pro se lawsuit in the 191st District Court in Dallas, this time a bill of review. The Board notified the trial court of Brown's status as a vexatious litigant. The trial court stayed the action until Brown obtained permission to bring said action, pursuant to the pre-filing order. Eventually, in July of 2004, having found Brown had not complied with the pre-filing order, the trial court dismissed her bill of review action. Brown appeals.

■ In her first point of error, Brown argues the vexatious litigant statute does not apply to bills of review. She contends an action for an equitable bill of review is not "litigation" within the meaning of the vexatious litigant statute. We disagree.

■ The vexatious litigant statute provides that a court, after finding a person is a vexatious litigant, may enter an order prohibiting the person from filing a "new litigation" in the courts of this state unless the local administrative judge of the court in which the person intends to file the litigation grants permission to file. TEX. CIV. PRAC. AND REM.CODE § 11.101. "In this chapter 'litigation' means a civil action commenced, maintained or pending in any state or federal court." *Id.* § 11.001(2). A bill of review is an equitable proceeding characterized by courts as an "independent action." *Wembley Inv. Co. v. Herrera,* 11 S.W.3d 924, 926 (Tex.1999). As such, we conclude bills of review are within the meaning of "litigation" and are therefore subject to the statute and all its requirements and restrictions.

Brown also appears to be arguing that because she was not a vexatious litigant at the time the original suit was filed, her

current bill of review concerning that suit is somehow immune from the statute. Again we disagree. Bills of review constitute "litigation" in terms of the statute. Furthermore, the record shows Brown has not complied in any way with the prefiling order: she has not paid any part of the security required, and she did not have permission to file further litigation when she filed her bill of review. We overrule Brown's first point of error.

In her second point of error, Brown argues no litigant should be denied the opportunity to challenge a final ruling through a timely filed bill of review because of the vexatious litigant statute. She claims that such a denial violates her constitutional due process rights. However, the record shows she never raised this constitutional argument in the trial court. Brown's constitutional argument in all prior proceedings was that the default judgment entered against her at the Board's meeting violated her constitutional right to due process. At no point before Brown filed her brief did she raise the issue she attempts to do so here. "[E]ven a constitutional claim must have been asserted in the trial court in order to be raised on appeal." *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex.1993); *see* TEX.R.APP. P. 33.1. Thus we conclude her constitutional claim regarding the vexatious litigant statute was not preserved for appeal.

Further, Brown does not cite any authority or offer a clear and concise argument to support her contention that she has a constitutional due process right to bill of review, and that the vexatious litigant statute violates that right. An appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX.R.APP. P. 38.1(h). We conclude the issue is inadequately briefed and presents nothing for review. We overrule her second point of error.

We affirm the trial court's judgment.