NO. 07-06-00445-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 8, 2006

_____

IN RE R. WAYNE JOHNSON, RELATOR

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ON PETITION FOR WRIT OF MANDAMUS**

Relator R. Wayne Johnson, a Texas prison inmate acting pro se, seeks a writ of

mandamus directing respondent, the Honorable Don Emerson, Judge of the 320th District

Court of Potter County to enter an order granting him permission to file suit against prison

officials.[1] Relator is required to obtain permission to file civil suits because he has been

declared to be a vexatious litigant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.101

(Vernon 2002). We deny the petition.

A writ of mandamus is an extraordinary remedy that will issue only to correct a clear

abuse of discretion when there is no other adequate remedy by law. *See In re D. Wilson*

*Const. Co.*, 196 S.W.3d 774, 780 (Tex. 2006). It is the relator's burden to show entitlement

_____

[1] Relator's petition was accompanied by a "motion to proceed in forma pauperis."
We have determined the motion meets the requirements of Rule of Appellate Procedure
20.1(b) and grant the motion.

to the relief being requested. *See Johnson v. Fourth District Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). Merely showing reversible error will not satisfy the requirement that the relator show a remedy by appeal would be inadequate, *In re Masonite Corp.*, 997 S.W.2d 194, 198 (Tex. 1999) (orig. proceeding), nor will merely showing that appeal will involve more expense or delay than obtaining a writ of mandamus, *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304 306 (Tex. 1994) (orig. proceeding).

Relator's mandamus petition contends he has shown the claims he seeks to assert against prison officials are meritorious and not filed for the purposes of harassment or delay. From that he argues the trial court had a mandatory duty to grant his request for permission to file suit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.102 (Vernon 2002). Relator's mandamus petition, however, fails to present any argument showing he does not have an adequate remedy by appeal. We have denied mandamus relief to this relator in a previous case because of the absence of a showing his remedy by appeal would be inadequate. *See In re R. Wayne Johnson*, No. 07-04-0416-CV (Tex.App.–Amarillo August 23, 2004, orig. proceeding). There relator sought mandamus relief when the trial court dismissed a pending action because relator did not obtain permission to file the suit. *Id.*, Tex. Civ. Prac. & Rem. Code Ann. §11.103 (b) (Vernon 2002). So far as the finality of the trial court's action is concerned, we see no distinction between denial of permission before suit is filed and dismissal of a suit filed without permission. Other appellate courts have reviewed on direct appeal complaints by vexatious litigants concerning pre-filing orders. *See, e.g., Brown v. Texas Bd. of Nurse Examiners*, 194 S.W.3d 721, 722 (Tex.App.--Dallas 2006, no pet.) (affirming dismissal of suit dismissed for noncompliance with terms of pre-

filing order); *see also Leonard v. Abbott*, 171 S.W.3d 451, 458-59 (Tex.App.–Austin 2005, pet. denied) (discussing appeal of actions taken under Chapter 11 of Civil Practice & Remedies Code). Nor do we see any other reason why review of the actions of a local administrative judge under section 11.102 by mandamus is preferable to review by direct appeal. *See In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 136-40 (Tex. 2004) (orig. proceeding) (discussing adequacy of appellate remedy precluding mandamus). Like in number 07-04-0416-CV, we conclude in this case that relator has failed to show he has no adequate remedy by appeal.

Moreover, we note that, in lieu of certified or sworn copies of documents showing the matter complained of in the petition, as required by Rule of Appellate Procedure 52.3(j)(1)(A), relator's mandamus petition asks that we take judicial notice of the contents of our file in another mandamus proceeding relator filed, our number 07-06-0359-CV. From an examination of our file in number 07-06-0359-CV, we find that we would be unable to determine whether the pleading relator submitted with his petition in that proceeding was the same as the pleading the trial court denied him permission to file in this instance. For that reason, the record presented here would not permit us to find the trial court action involved a clear abuse of discretion.

For these reasons, we must, and do, deny relator's petition for writ of mandamus.


James T. Campbell
Justice


3