NO. 07-06-00445-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



DECEMBER 8, 2006



______________________________


 

IN RE R. WAYNE JOHNSON, RELATOR


_________________________________






Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ON PETITION FOR WRIT OF MANDAMUS


 Relator R. Wayne Johnson, a Texas prison inmate acting pro se, seeks a writ of
mandamus directing respondent, the Honorable Don Emerson, Judge of the 320th District
Court of Potter County to enter an order granting him permission to file suit against prison 
officials. (1) Relator is required to obtain permission to file civil suits because he has been
declared to be a vexatious litigant. See Tex. Civ. Prac. & Rem. Code Ann. § 11.101
(Vernon 2002). We deny the petition.

 A writ of mandamus is an extraordinary remedy that will issue only to correct a clear
abuse of discretion when there is no other adequate remedy by law. See In re D. Wilson
Const. Co., 196 S.W.3d 774, 780 (Tex. 2006). It is the relator's burden to show entitlement
to the relief being requested. See Johnson v. Fourth District Court of Appeals, 700 S.W.2d
916, 917 (Tex. 1985) (orig. proceeding). Merely showing reversible error will not satisfy the
requirement that the relator show a remedy by appeal would be inadequate, In re Masonite
Corp., 997 S.W.2d 194, 198 (Tex. 1999) (orig. proceeding), nor will merely showing that
appeal will involve more expense or delay than obtaining a writ of mandamus, Canadian
Helicopters Ltd. v. Wittig, 876 S.W.2d 304 306 (Tex. 1994) (orig. proceeding).

 Relator's mandamus petition contends he has shown the claims he seeks to assert
against prison officials are meritorious and not filed for the purposes of harassment or
delay. From that he argues the trial court had a mandatory duty to grant his request for
permission to file suit. See Tex. Civ. Prac. & Rem. Code Ann. § 11.102 (Vernon 2002).
Relator's mandamus petition, however, fails to present any argument showing he does not
have an adequate remedy by appeal. We have denied mandamus relief to this relator in
a previous case because of the absence of a showing his remedy by appeal would be
inadequate. See In re R. Wayne Johnson, No. 07-04-0416-CV (Tex.App.-Amarillo August
23, 2004, orig. proceeding). There relator sought mandamus relief when the trial court
dismissed a pending action because relator did not obtain permission to file the suit. Id.,
Tex. Civ. Prac. & Rem. Code Ann. §11.103 (b) (Vernon 2002). So far as the finality of the
trial court's action is concerned, we see no distinction between denial of permission before
suit is filed and dismissal of a suit filed without permission. Other appellate courts have
reviewed on direct appeal complaints by vexatious litigants concerning pre-filing orders. 
See, e.g., Brown v. Texas Bd. of Nurse Examiners, 194 S.W.3d 721, 722 (Tex.App.--Dallas
2006, no pet.) (affirming dismissal of suit dismissed for noncompliance with terms of pre-filing order); see also Leonard v. Abbott, 171 S.W.3d 451, 458-59 (Tex.App.-Austin 2005,
pet. denied) (discussing appeal of actions taken under Chapter 11 of Civil Practice &
Remedies Code). Nor do we see any other reason why review of the actions of a local
administrative judge under section 11.102 by mandamus is preferable to review by direct
appeal. See In re Prudential Ins. Co. of America, 148 S.W.3d 124, 136-40 (Tex. 2004)
(orig. proceeding) (discussing adequacy of appellate remedy precluding mandamus). Like
in number 07-04-0416-CV, we conclude in this case that relator has failed to show he has
no adequate remedy by appeal.

 Moreover, we note that, in lieu of certified or sworn copies of documents showing
the matter complained of in the petition, as required by Rule of Appellate Procedure
52.3(j)(1)(A), relator's mandamus petition asks that we take judicial notice of the contents
of our file in another mandamus proceeding relator filed, our number 07-06-0359-CV. 
From an examination of our file in number 07-06-0359-CV, we find that we would be
unable to determine whether the pleading relator submitted with his petition in that
proceeding was the same as the pleading the trial court denied him permission to file in this
instance. For that reason, the record presented here would not permit us to find the trial
court action involved a clear abuse of discretion. 

 For these reasons, we must, and do, deny relator's petition for writ of mandamus.


 James T. Campbell

 Justice

1. Relator's petition was accompanied by a "motion to proceed in forma pauperis."
We have determined the motion meets the requirements of Rule of Appellate Procedure
20.1(b) and grant the motion. 


PAN STYLE="font-family: Arial">Article 11.05 of the
Texas Code of Criminal Procedure Annotated (Vernon 1977) lists the courts which are
authorized to issue a writ of habeas corpus. Absent from that list are the courts of
appeals. Greenville v. State, 798 S.W.2d 361, 362 (Tex.App.--Beaumont 1990, no pet.). 
This Court's habeas corpus jurisdiction in criminal matters is appellate only. Denby v.
State, 627 S.W.2d 435 (Tex.App.--Houston [1st Dist.] 1981, orig. proceeding), cert. denied,
462 U.S. 1110, 103 S.Ct. 2461, 77 L.Ed.2d 1338 (1983). Thus, we have no jurisdiction to
entertain relator's request for a writ of habeas corpus.

 Accordingly, the request for a writ of mandamus is denied and the application for
a writ of habeas corpus is dismissed for want of jurisdiction.

 Don H. Reavis

 Justice

1. Tex. R. App. P. 47.2(a).