# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 21, 2013

No. 12-30450

Lyle W. Cayce
Clerk

FREDDIE R. LEWIS,

Plaintiff - Appellant,

v.

SECRETARY OF PUBLIC SAFETY AND CORRECTIONS; JACK GARNER; KEITH; GEORGE STEVENS; MRS. MILLIE; SAWYER; JOHNSON; CLARK; MAC; VIRGIL LEWIS,

Defendants - Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:11-CV-1844

Before HIGGINBOTHAM, SMITH, and ELROD, Circuit Judges.

PER CURIAM:[*]

Freddie R. Lewis, a state prisoner proceeding *pro se* and *in forma pauperis*, appeals the dismissal of his civil rights case. The district court concluded that the complaint duplicated the allegations of another case currently pending before the same district court. On this basis, the district court dismissed the instant case as malicious. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30450

I.

Lewis is an inmate of the Winn Correctional Center ("WCC") in Louisiana. In October 2009, Lewis was assigned to work at the Prison Enterprises Garment Factory ("Garment Factory"). Upon his entry to, and exit from, the Garment Factory each day, he was allegedly subjected to strip and body cavity searches. In February 2010, Lewis brought a civil rights case in the United States District Court for the Western District of Louisiana against the Secretary of Public Safety and Corrections, the owner of the Corrections Corporation of America ("CCA"), the WCC warden and assistant warden, and six CCA security officers. The complaint, filed under 42 U.S.C. § 1983 and designated case number 1:10-CV-291, alleged that the named defendants were subjecting Lewis to unconstitutional strip and body cavity searches. Lewis sought injunctive relief from continued strip and body cavity searches, punitive damages, and compensatory damages for each of the 100 and "counting" allegedly unconstitutional searches.

In May 2010, Lewis was transferred out of his job at the Garment Factory and was assigned to the Winn Educational Department. During his time working in the Educational Department, Lewis was not subjected to strip or body cavity searches. In September 2011, however, Lewis was reassigned to the Garment Factory. Following this reassignment, Lewis alleges that he was again subjected to strip and body cavity searches upon his entry to, and exit from, the Garment Factory.

In October 2011, Lewis filed the instant lawsuit, designated case number 1:11-CV-1844, against the Secretary of Public Safety and Corrections, the owner of CCA, the WCC warden and assistant warden, and six CCA security officers.[1]

---

[1] Timothy Keith and George Stevens were the WCC warden and assistant warden when Lewis filed the instant complaint. At the time the earlier case was filed, Timothy Wilkinson and Jay Tim Morgan were the WCC warden and assistant warden. Although five of the CCA security officers named as defendants in the earlier case were also named as defendants in

2

No. 12-30450

In this complaint—the one before us now—Lewis alleged that, beginning in September 2011, the named defendants were subjecting him to unconstitutional strip and body cavity searches. The vast majority of the sixteen-page complaint contained identical language, in identical order, as Lewis's prior complaint. The instant complaint, however, named the current WCC warden and assistant warden and a new security officer as defendants, and complained only of the searches occurring after Lewis's reassignment to the Garment Factory in September 2011. Lewis, once again, sought injunctive relief from continued strip and body cavity searches, punitive damages, and compensatory damages for each of the twenty and "counting" allegedly unconstitutional searches.

The magistrate judge recommended that the district court dismiss this case as malicious because it was duplicative of Lewis's prior lawsuit, which was then pending in the same district court. Lewis filed an objection to the magistrate judge's recommendation, arguing that his instant case was not duplicative because: (1) the break in his assignments to the Garment Factory created two separate causes of action; (2) only six, instead of twelve, inmates are now subjected to strip and body cavity searches at the same time in a single room; and (3) the inmates are no longer required to remove their clothes completely, but instead are only required to lower their clothes to their knees. The district court conducted a *de novo* review and, adopting the magistrate judge's reasoning, dismissed this case with prejudice as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). This appeal followed.

II.

Section 1915(e)(2) provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). A case may be dismissed as malicious

---

this case, Mr. Clark replaced Sgt. Flowers as a defendant in this case.

3

if it duplicates claims that the same plaintiff has raised in previous or pending litigation. *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). A case is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). We review a dismissal under § 1915(e)(2)(B)(i) for abuse of discretion. *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *see also Bailey*, 846 F.2d at 1021 ("[A] district court is 'vested with especially broad discretion' in determining whether . . . a dismissal [under § 1915(e)(2)(B)(i)] is warranted." (quoting *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986)).

Upon our review of Lewis's complaint, we conclude that, although there was a break in Lewis's service in the Garment Factory and there are minor factual distinctions in the searches following his reassignment, the district court did not abuse its discretion by dismissing Lewis's case. Importantly, Lewis's instant case, and the earlier case that remains pending before the same district court, are both based on the same conduct by the defendants[2]—subjecting Lewis to strip and body cavity searches during his assignments to the Garment Factory. Unquestionably, the additional searches occurring after Lewis's reassignment to the Garment Factory form a convenient trial unit with the earlier case, which involves virtually identical material facts and issues.

Moreover, Lewis's earlier complaint explicitly requested compensatory damages for each allegedly unconstitutional search beginning in October 2009 and continuing until such time as the defendants ceased to conduct the searches. Because Lewis now alleges that the defendants have not ceased conducting the

---

[2] That the instant complaint names three different defendants does not change the result. *See Bailey*, 846 F.2d at 1021 (affirming dismissal of a case as duplicative, even though the plaintiff sued different defendants). Lewis may seek to amend his complaint in the first lawsuit, under Rule 15(a)(2) of the Federal Rules of Civil Procedure, to name the three new defendants.

No. 12-30450

strip and body cavity searches, Lewis would be able to recover for these ongoing searches in his earlier filed case, if he is ultimately successful.

Although we conclude that the district court did not abuse its discretion in finding that Lewis's complaint was duplicative, the dismissal should have been without prejudice. We have held that "when a successive *in forma pauperis* suit is duplicative, the court should insure that the plaintiff obtains 'one bite at the litigation apple—but not more.'" *Chambers v. Stalder*, 999 F.2d 1580 (5th Cir. 1993) (quoting *Pittman*, 980 F.2d at 995). Therefore, Lewis's duplicative claim should be dismissed without prejudice to Lewis's prosecution of his claims in the other currently pending case.

### III.

For the reasons above, the judgment is hereby MODIFIED so that the dismissal is without prejudice to Lewis's prosecution of case number 1:10-CV-291, and the judgment as so modified is AFFIRMED.

5