# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

―――――

No. 13-10818
Summary Calendar

―――――

United States Court of Appeals
Fifth Circuit

**FILED**
February 7, 2014

Lyle W. Cayce
Clerk

YVONNE BROWN; BASIL BROWN,

Plaintiffs – Appellants

v.

TEXAS BOARD OF NURSING; TEXAS STATE OFFICE OF
ADMINISTRATIVE HEARINGS; LOUISIANA STATE BOARD OF
NURSING; KATHERINE A. THOMAS, individually and in her official
capacity at the Texas Board of Nursing; CATHLEEN PARSLEY, in her
official capacity at the State Office of Administrative Hearings; BARBARA
MORVANT, in her official capacity at the Louisiana State Board of Nursing;
KENT BLACK, individually and in his official capacity at the Texas Board of
Nursing; JAMES W. JOHNSTON, individually and in his official capacity at
the Texas Board of Nursing; ROMMEL CORRO, individually and in his
official capacity at Texas State Office of Administrative Hearings; PATRICIA
VIANES–CABRERA, individually and in her official capacity at the Board of
Nursing,

Defendants – Appellees

―――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-cv-01004-P-BN

―――――――

No. 13-10818

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Appellant Yvonne Brown and her husband Basil Brown, proceeding *in forma pauperis* ("IFP"), filed a complaint in the Northern District of Texas alleging statutory and constitutional violations arising from a disciplinary hearing and subsequent administrative actions that resulted in Yvonne's Texas nursing license being revoked and renewal of her Louisiana nursing license being denied. The district court dismissed the complaint as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) because it was duplicative of two previous lawsuits that Yvonne had filed in the Northern District of Texas, which had also been dismissed. *See Brown v. Thomas*, No. Civ.A. 302CV0673M, 2002 WL 31757616 (N.D. Tex. 2002) (dismissing case as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Brown v. Tex. Bd. of Nurse Examiners*, No. Civ.A.3:01–CV–2315–M, 2002 WL 441405 (N.D. Tex. 2002) (dismissing case for lack of subject matter jurisdiction under *Rooker Feldman* doctrine). On appeal, the Browns contend that their claims in the instant suit materially differ from the claims asserted in the two previous federal lawsuits and that the district court erred in finding otherwise.

We review a dismissal under Section 1915(e)(2)(B)(i) for abuse of discretion. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Under Section 1915(e)(2)(B)(i), a district court may dismiss an IFP suit *sua sponte* if the court deems it to be "frivolous or malicious." An action is malicious if it "involve[s] a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit." *Id.* A number of the claims

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

No. 13-10818

that the Browns raised in this suit have already been raised in prior federal court cases and dismissed either as malicious under Section 1915(e)(2)(B)(i) or for lack of subject matter jurisdiction because Yvonne sought federal district court review of a final state court order. Moreover, to the extent that the Browns assert that they have raised new claims, such claims clearly stem from the same decision of the Texas Board of Nurse Examiners that the Browns have already challenged in multiple state and federal cases. *See Thomas*, 2002 WL 31757616; *Tex. Bd. of Nurse Examiners*, 2002 WL 441405; *Brown v. Tex. State Bd. of Nurse Examiners*, No. 03-05-00508-CV, 2007 WL 3034321 (Tex. App.—Austin Oct. 18, 2007, pet. denied); *Brown v. Tex. Bd. of Nurse Examiners*, 194 S.W.3d 721 (Tex. App.—Dallas 2006, no pet.). Based thereupon, we find that the district court did not abuse its discretion in dismissing the Brown's complaint as malicious under Section 1915(e)(2)(B)(i). *See Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) ("[D]eclaring that a successive in forma pauperis suit is 'malicious' . . . insure[s] that the plaintiff obtains one bite at the litigation apple—but not more.").

Accordingly, we AFFIRM the judgment of the district court.