# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 7, 2023

Lyle W. Cayce
Clerk

No. 22-30078

---

RAYMOND HAROLD KIMBLE, III,

*Plaintiff—Appellant*,

*versus*

JEFFERSON PARISH SHERIFF'S OFFICE; JOSEPH P. LOPINTO, III, *individually and in his official capacity as Sheriff*; LINDSAY L. TRUHE, *individually and in her official capacity as Assistant District Attorney at 24th Judicial District Court*; SUE ELLEN MONFRA, *individually and in her official capacity as Deputy Chief of Jefferson Parish Correctional Center*; DANIEL J. SCHILLING, *individually and in his official capacity as Attorney at 24th Judicial District Court*; RICHARD M. THOMPSON, *individually and in his official capacity as District Defender at 24th Judicial District Court; Jefferson Parish*; SEAN HAYES, *individually and in his official capacity as Deputy, Jefferson Parish Correctional Center*; SEAN THOMPSON, *individually and in his official capacity as Deputy, Jefferson Parish Correctional Center*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-409

---

Before SMITH, CLEMENT, and WILSON, *Circuit Judges*.

No. 22-30078

Per Curiam:*

In February 2021, Raymond Harold Kimble, III, then a pretrial detainee housed at the Jefferson Parish Correctional Center, filed a pro se 42 U.S.C. § 1983 action in the Eastern District of Louisiana ("EDLA") against more than 40 defendants. His claims stemmed from his arrest, detention, and prosecution for offenses occurring in East Baton Rouge and Jefferson Parishes in 2016. Kimble's civil case has a long procedural history and is still proceeding in the EDLA. Before filing this case in the EDLA, Kimble filed a civil action in the Middle District of Louisiana ("MDLA") on October 19, 2020, against many of the same defendants. That action also remains pending.

This appeal involves Kimble's challenge to a Federal Rule of Civil Procedure 54(b) judgment entered January 18, 2022, dismissing certain claims against three groups of defendants in the EDLA action. In that judgment, the district court adopted the report and recommendation of the magistrate judge and found "no just cause for delay" in entering final judgment.

First, the EDLA court dismissed without prejudice Kimble's claims of false arrest, false imprisonment, and malicious prosecution against numerous defendants. The court determined the claims were malicious and dismissed them pursuant to 28 U.S.C. § 1915(e) and § 1915A.[1]

The court also dismissed, with prejudice, Kimble's claims alleging speedy trial violations, excessive bail, and ineffective assistance of counsel against Jefferson Parish, Public Defender Richard Thompson,[2] Public Defender Daniel Schilling, and Assistant District Attorney Lindsay Truhe.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] Kimble does not appeal the EDLA court's dismissal of these claims.

[2] The record contains several different spellings of Thompson's name. We use the spelling from the caption of his brief.

No. 22-30078

The court determined that these claims were properly dismissed pursuant to § 1915(e) and § 1915A as frivolous, for failure to state claims for relief, and as brought against an immune defendant.

Finally, the district court dismissed without prejudice Kimble's claims of sexual assault under the Prison Rape Elimination Act ("PREA") and retaliation against Deputy Sean Hayes, Deputy Sean Thompson, Chief Sue Ellen Monfra, Sheriff Joseph Lopinto, III, and the Jefferson Parish Sheriff's Office. The court determined that these claims were likewise malicious under § 1915(e) and § 1915A because they were duplicative of the matters pending in the prior-filed MDLA case.[3]

Kimble timely filed a notice of appeal challenging the EDLA court's dismissal of his claims against Thompson, Schilling, Truhe, and Jefferson Parish for due process violations and ineffective assistance of counsel; and Lopinto, Monfra, Hayes, Thompson, and the Jefferson Parish Sheriff's Office for sexual assault and retaliation.[4]

## I.

As a preliminary matter, we must confirm our jurisdiction, as some of Kimble's claims remain pending in the district court. *See Trent v. Wade*, 776 F.3d 368, 387 (5th Cir. 2015). Rule 54(b) addresses such situations by enabling a district court to "direct entry of a final judgment as to one or more,

---

[3] The MDLA court severed Kimble's sexual assault and retaliation claims from his other claims on February 5, 2021, and ordered Kimble to file a new complaint against those defendants. Later that month, Kimble alleged the same claims, against the same defendants, in the EDLA action. At the time the magistrate judge's report and recommendation was filed in the EDLA, the MDLA docket disclosed no separate cause of action for the severed claims, and that court had not dismissed Kimble's sexual assault and retaliation claims.

[4] While Kimble's briefing groups these defendants into separate claims and categories, we follow the district court's grouping of the claims for ease of analysis.

but fewer than all, claims or parties [but] only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). The language in the appealed order, either itself or together with portions of the record referenced in the ruling, must reflect the unmistakable intent of the district court to enter a partial final judgment under Rule 54(b). *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 539 (5th Cir. 1999); *see also Jackson v. Cruz*, 852 F. App'x 114, 116 (5th Cir. 2021) (per curiam) (explaining "unmistakable intent" exists when the court "directly mentions Rule 54(b)").

Here, the challenged order is titled "Rule 54(b) Judgment," states that there is "no just cause for delay," and indicates the district court's unmistakable intent to dismiss certain claims from the ongoing proceeding. "[N]othing else [was] required to make the order appealable." *Briargrove*, 170 F.3d at 539 (internal quotation marks and citation omitted). We therefore have jurisdiction to consider Kimble's appeal. *See id.* at 539–41.

## II.

Turning to the merits, we review *de novo* the district court's dismissal of claims under § 1915A(b) and § 1915(e)(2)(B). *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (per curiam) ("We review the dismissal of a complaint under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous for abuse of discretion, and . . . dismissal . . . under 28 U.S.C. § 1915A and § 1997e(c)(1) *de novo*. Because the district court referred to all three statutes in dismissing [Plaintiff-Appellant's] claims, we review the issues *de novo*."). A district court shall dismiss a prisoner's civil rights complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it seeks monetary relief from an immune defendant. § 1915A(b); *see also* § 1915(e)(2)(B) (providing similarly). An action may be dismissed as "malicious" if it "involve[s] a duplicative action arising from the same series

of events and alleg[es] many of the same facts as an earlier suit[.]" *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *see also Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993). Such is the case with Kimble's claims.

Kimble contends that the district court erred in dismissing his claims against: (A) Public Defender Thompson and Jefferson Parish for violating his constitutional rights and for ineffective assistance of counsel, and Schilling and Truhe for breach of the attorney client privilege and ineffective assistance of counsel; and (B) Jefferson Parish, Lopinto, Monfra, Hayes, and Deputy Thompson for violating PREA, sexual assault, and retaliation. The district court did not err in dismissing these claims.

## A.    *Thompson, Schilling, Truhe, and Jefferson Parish*

The district court entered judgment for Thompson, Schilling, Truhe, and Jefferson Parish as to Kimble's § 1983 speedy trial, excessive bail, and ineffective assistance claims because the court concluded they were "frivolous, for failure to state claim for which relief can be granted, and/or for being brought against an immune defendant, pursuant to 28 U.S.C. § 1915(e) and § 1915A." We agree.

As an initial matter, Kimble's speedy trial, ineffective assistance, and due process claims "lie 'within the core of habeas corpus.'" *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)); *see also Cook v. Tex. Dep't of Crim. Just. Transitional Plan. Dep't*, 37 F.3d 166, 168 (5th Cir. 1994) ("The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a [§ 1983] action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement."). Kimble therefore should have pursued these claims through habeas proceedings. *See* 28 U.S.C. § 2254; *Serio v. Members*

*of La. State Bd. of Pardons*, 821 F.2d 1112, 1117 (5th Cir. 1987) (holding that claims that impact the constitutionality of a plaintiff's state conviction or sentence must be initially pursued through state habeas proceedings). However, "in instances in which a petition combines claims that should be asserted in habeas with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so, entertaining the § 1983 claims." *Serio*, 821 F.2d at 1119. That is the case here, as Kimble seeks both monetary damages and injunctive relief for these claims; we thus separate his § 1983 claims for analysis.[5]

Section 1983 provides a remedy for the deprivation of federal rights "under color of state law." *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) (internal quotation marks omitted). Private individuals are not generally considered to be state actors for the purpose of § 1983, but "a private individual may act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors." *Id.* The same principle applies to public defenders like Thompson and Schilling, who are not state actors in this context absent any allegation of complicity between the attorneys and other state actors. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 324–25 (1981) (holding that public defenders are not state actors for § 1983 purposes when acting in their role as counsel to a defendant); *Pete v. Metcalfe*, 8 F.3d 214, 216–17 (5th Cir. 1993) (dismissing claims that alleged "nothing more than professional malpractice" against private defense attorneys).

---

[5] To the extent Kimble attempts to request habeas relief in the instant case, his petition would be subject to dismissal because he has not exhausted state remedies. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State[.]").

No. 22-30078

Kimble's allegations against Thompson and Schilling at best boil down to professional malpractice, which is insufficient to render them amenable to suit under § 1983. *See Pete*, 8 F.3d at 216–17. Thus, as to the ineffective assistance claims, the district court correctly determined that Kimble failed to state any valid claim against his attorneys.[6] *See Dodson*, 454 U.S. at 325.

Likewise, Kimble's claims against Assistant District Attorney Truhe, both in her official and individual capacity, were properly dismissed. As for her official capacity, Truhe acted as an arm of Jefferson Parish, the governmental entity she represented. *Cf. Connick v. Thompson*, 563 U.S. 51, 54, 60 (2011) (analyzing lawsuit against "Connick, in his official capacity as the Orleans Parish District Attorney," under municipal liability principles); *Burge v. Par. of St. Tammany*, 187 F.3d 452, 470 (5th Cir. 1999) ("For purposes of 'official capacity' suits under § 1983, the district attorney's office resembles other local government entities."). Under *Monell v. Department of Social Services*, Kimble was thus required to show that "action pursuant to official municipal policy of some nature caused a constitutional tort." 436 U.S. 658, 691 (1978). Kimble has not alleged that Truhe is a final policymaker for the Parish or the District Attorney's Office. Nor has Kimble identified any policy involved that caused a constitutional injury. Thus, the

---

[6] Insofar as Kimble alleges that Thompson violated his constitutional rights during the performance of administrative functions, Kimble would arguably have sufficiently alleged that Thompson was acting under color of state law. *See Dodson*, 454 U.S. at 325 ("It may be—although the question is not present in this case—that a public defender also would act under color of state law while performing certain administrative and possibly investigative functions."). But even liberally construed, such an argument concerns only Kimble's speedy trial, due process, and equal protection claims and should have been pursued via habeas relief. Moreover, because success on these issues would implicate the validity of Kimble's convictions, any claims for damages are barred by *Heck v. Humphrey*. *See* 512 U.S. 477, 486–87 (1994); *see also Wilkinson*, 544 U.S. at 81–82.

district court correctly determined that Kimble failed to state a *Monell* claim against Truhe in her official capacity.

Kimble's claims against Truhe in her individual capacity also fail. As a prosecutor, Truhe is "absolutely immune from liability under § 1983 for [her] conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Cousin v. Small*, 325 F.3d 627, 631 (5th Cir. 2003) (per curiam) (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1991)).[7] The district court did not err in dismissing these claims as frivolous and otherwise for failure to state a claim for which relief can be granted.

Finally, Kimble's claims against Jefferson Parish were also properly dismissed. Under *Monell*, Kimble was required to allege and identify a specific policy that caused the deprivation of his constitutional rights. 436 U.S. at 691. As noted above, he has failed to do so. And, to the extent these claims overlap with the pending MDLA case, they are also duplicative and malicious. *See infra* II.B.

In sum: The district court correctly dismissed Kimble's § 1983 due process and ineffective assistance of counsel claims against Thompson, Schilling, Truhe, and Jefferson Parish as frivolous, for failure to state a claim, and as brought against an immune defendant (Truhe).

### B.   *Lopinto, Monfra, Hayes, and Thompson, and Jefferson Parish Sheriff's Office*

Kimble also challenges the dismissal of his sexual assault and retaliation claims against Deputy Hayes, Deputy Thompson, Chief Monfra,

---

[7] Furthermore, *Younger* abstention likely applies to Kimble's claims against Truhe for injunctive relief because there are ongoing state criminal proceedings involving Kimble. *See Younger v. Harris*, 401 U.S. 37, 40–41 (1971).

No. 22-30078

Sheriff Lopinto, and the Jefferson Parish Sheriff's Office as malicious pursuant to § 1915(e) and § 1915A. In analyzing these claims, the district court, through the adoption of the magistrate judge's report and recommendation, noted that the district judge in the MDLA action severed the claims and ordered Kimble to file a new complaint; the MDLA docket contained no separate case for the severed claims; the MDLA court had not dismissed the claims notwithstanding the severance; and Kimble filed his EDLA complaint after the severance order in the MDLA action. Because the MDLA claims remained pending, the district court in this case dismissed the sexual assault and retaliation claims as duplicative and therefore malicious. Kimble challenges this analysis, arguing (as liberally construed) that his claims are not malicious because (1) they are not duplicative in light of the MDLA severance order, and (2) he alleged Lopinto and Monfra were liable based on their administrative function and actions as policymakers in the EDLA action but not in the MDLA action. Neither argument is persuasive.

When the district court dismissed Kimble's EDLA claims, his sexual assault and retaliation claims remained pending in the MDLA. Though severed, they were nonetheless duplicative of his EDLA claims. *See Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 520 (5th Cir. 2010) (per curiam). And even if Kimble did not base his MDLA claims on the precise theory of liability—Lopinto's and Monfra's administrative and policymaking roles—the claims stem from the same factual allegations that Kimble asserted in his EDLA complaint. Therefore, the EDLA court properly dismissed the claims as duplicative and malicious. *See Brown v. Tex. Bd. of Nursing*, 554 F. App'x 268, 269 (5th Cir. 2014) (per curiam) (affirming dismissal of complaint as duplicative and thus malicious because even if it raised new claims, the claims stemmed from the same event challenged in prior state and federal cases).

No. 22-30078

Finally, and with quite liberal construction, Kimble argues that he will be prejudiced if the EDLA court's dismissal is not reversed because the MDLA court has now dismissed, without prejudice, Kimble's sexual assault and retaliation claims. We are unmoved by Kimble's argument, as it is based on his own gamesmanship in filing duplicative actions.[8] And, we see no reason to stray from our long-held rule of only considering facts that were before the district court at the time of the challenged ruling. *See Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

## III.

In addition to appealing the dismissal of his claims, Kimble moves this court for the appointment of counsel. A court is not required to appoint counsel for an indigent plaintiff in a civil rights action unless there are exceptional circumstances. *McFaul v. Valenzuela*, 684 F.3d 564, 581 (5th Cir. 2012). In determining whether exceptional circumstances exist, courts consider "many factors," including the complexity of the litigation and the indigent litigant's abilities. *Cooper v. Sheriff, Lubbock Cnty.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (per curiam).

The instant appeal involves review of a discrete ruling. Although Kimble argues that he will have difficulty litigating his claims due to his imprisonment, he has demonstrated the ability to present his claims in the district court (indeed, in two district courts simultaneously) and on appeal.

---

[8] Kimble patently filed the same claims in two different courts. He was admonished by the EDLA magistrate judge's November 2021 report and recommendation for the blatantly duplicative litigation. Later that month, Kimble moved voluntarily to dismiss the MDLA claims. Soon thereafter, in January 2022, the district court here issued its final judgment dismissing the EDLA claims. Kimble took no action in either court. In July 2022, the MDLA magistrate judge recommended granting Kimble's motion to dismiss, and in September 2022, the MDLA court granted the motion. Kimble thus had multiple opportunities to correct this self-made thicket; he failed to do so.

10

No. 22-30078

We therefore deny Kimble's motion for the appointment of counsel. *See McFaul*, 684 F.3d at 581; *see also Cooper*, 929 F.2d at 1084.

Finally, Kimble asks this court for leave to supplement his appeal with a recent order from the EDLA. Kimble's motion to supplement is denied. The ruling issued five months after the challenged Rule 54(b) judgment, involves different parties, and has no apparent relevance to the Rule 54(b) judgment on appeal. To the extent that Kimble seeks to challenge an additional ruling in this appeal, that request is likewise denied.

## IV.

The district court did not err in dismissing Kimble's claims for due process violations and ineffective assistance of counsel against Public Defenders Thompson and Schilling, Assistant District Attorney Truhe, and Jefferson Parish. Likewise, the district court correctly determined that Kimble's claims for sexual assault and retaliation against Deputies Hayes and Thompson, Chief Monfra, Sheriff Lopinto, and Jefferson Parish Sheriff's Office were duplicative and malicious, and therefore subject to dismissal, pursuant to §§ 1915(e) and 1915A. His motions for appointment of counsel and to supplement the record on appeal are not well-taken.

AFFIRMED; MOTIONS DENIED.