# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2024

Lyle W. Cayce
Clerk

———————

No. 24-50461
Summary Calendar

———————

Scott Phillip Lewis,

*Plaintiff—Appellant*,

*versus*

Williamson County, Texas,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:24-CV-118

———————————————————

Before Jones, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Pro se Plaintiff-Appellant Scott Phillip Lewis appeals the district court's dismissal of his lawsuit against Defendant Williamson County as duplicative. In a preceding state court case, Lewis was arrested on January 25, 2019, for a driving while intoxicated (DWI) offense. Lewis was detained, arrested, and booked into Williamson County jail. Video footage of his arrest

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

was shown on "LivePD," a television show that follows police officers during their patrols. Ultimately, all charges against Lewis were dropped by the State of Texas for insufficient evidence on April 2022, over three years from the date of arrest.

Arising out of the incident underlying the previous state court action, Lewis now brings this lawsuit in federal court against Williamson County, Texas alleging due process violations through 42 U.S.C. § 1983 arising out of his arrest and the filming for "LivePD." In his complaint, he alleges that he suffered an anxiety attack due to the non-consensual public broadcast of his arrest. He also alleges that Judge Barker, the county judge responsible for adjudicating the criminal charges arising out of the January 2019 DWI arrest in state court, improperly allowed his lawyer to withdraw in violation of the United States Constitution.

This is not the first case Lewis has filed arising out of his previous state court case. Lewis previously filed another lawsuit in the Western District of Texas, *Lewis v. Williamson Cnty.,* No. 1:21-cv-00074 (W.D. Tex. 2021), also arising out of his DWI arrest and its filming for "LivePD." In this previous lawsuit, he also brought § 1983 claims against Williamson County, alleging that his arrest and the filming violated his due process rights under the Fourteenth Amendment. The allegations here concern the same DWI arrest on January 25, 2019, and its filming for "LivePD." Lewis's first case filed in the Western District of Texas was dismissed with prejudice in May 2024 on a motion for summary judgment after he was afforded the opportunity to amend his complaint twice and engage in the discovery process.

After filing the present lawsuit, Lewis filed a motion to proceed *in forma pauperis* (IFP). The district court granted Lewis's motion to proceed IFP and summarily dismissed his complaint under 28 U.S.C. § 1915(e)(2)(B)(i) as duplicative and malicious. It explained that "[e]ach of the

suits names the same defendant – and arises from Lewis's arrest for driving while intoxicated on January 25, 2019." It went on to find that "Lewis has had his full and fair day in court." Lewis timely appeals.

Lewis does not challenge the district court's granting of his motion to proceed IFP, only the dismissal of his claim as duplicative and malicious. Section 1915 governs proceedings IFP and provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." § 1915(e)(2)(B)(i). IFP "status does not entitle a plaintiff to avoid the ordinary rules of res judicata." *Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993). "A case may be dismissed as malicious if it duplicates claims that the same plaintiff has raised in previous or pending litigation." *Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 343–44 (5th Cir. 2013) (unpublished). A case is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). We review the district court's dismissal under § 1915(e)(2)(B)(i) for an abuse of discretion. *See Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019).

Despite Lewis's attempts to argue that the instant complaint is different from his previous federal complaint because he adds allegations regarding Judge Barker, the claims alleged in his complaint clearly stem from the same incident, the DWI arrest, that were dismissed with prejudice on summary judgment. *Brown v. Texas Bd. of Nursing*, 554 F. App'x 268, 269 (5th Cir. 2014) ("to the extent that the Browns assert that they have raised new claims, such claims clearly stem from the same decision of the Texas Board of Nurse Examiners that the Browns have already challenged in multiple state and federal cases."); *MacWilliams v. Uncapher*, No. 24-50129, 2024 WL 4471978, at *1 (5th Cir. Oct. 11, 2024) (holding that "an action raising the same factual allegations as a prior action is duplicative even if the plaintiff names different defendants in the second action."). The entire

factual basis of his complaint centers around his DWI arrest, its filming for "LivePD," and the criminal proceedings which arose from it. As such, we hold Lewis has not shown that the district court abused its broad discretion in dismissing his complaint as duplicative because this case is simply a repetition of litigation that had previously been resolved against him. *Bailey*, 846 F.2d at 1021 ("[A] district court is 'vested with especially broad discretion' in determining whether . . . a dismissal [under § 1915(e)(2)(B)(i)] is warranted.") (quoting *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986)).

The district court's judgment is AFFIRMED.