IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-31055
Conference Calendar

RUSSELL HEWITT

Plaintiff-Appellant

v.

ROBERT HENDERSON; NATHAN CAIN; JOLENE CONSTANCE; ROBERT COLQUETTE; LINDA RAMSAY

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:07-CV-839

Before GARZA, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Russell Hewitt, Louisiana prisoner # 331926, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal. The district court dismissed Hewitt's 42 U.S.C. § 1983 complaint for failure to state a claim because he did not demonstrate that the prison regulations that he challenged impinged unreasonably on his right to exercise his religion. The district court denied Hewitt's motion for leave to proceed IFP on appeal and certified that the appeal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was not taken in good faith. By moving for leave to proceed IFP on appeal, Hewitt is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Hewitt does not address the district court's reasons for dismissing his § 1983 complaint. Failure to identify any error in the district court's analysis is the same as if the appellant had not appealed the judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Accordingly, in light of his failure to challenge the reasons for the district court's certification decision, Hewitt's claims are deemed abandoned. See Brinkmann, 813 F.2d at 748.

Hewitt has not shown that the district court's certification that an appeal would not be taken in good faith was incorrect. The instant appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, Hewitt's request for IFP is denied, and his appeal is dismissed. See Baugh, 117 F.3d at 202, n.24; 5TH CIR. R. 42.2. Hewitt is cautioned that the dismissal of his § 1983 suit by the district court pursuant to 28 U.S.C. § 1915(e)(2)(B) and our dismissal of this appeal as frivolous both count as strikes under § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Hewitt is also cautioned that if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.