# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30187
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 13, 2016

Lyle W. Cayce
Clerk

RUSSELL HEWITT,

Plaintiff-Appellant

v.

MARCUS BEDFORD; CORPORAL CARTER; B. WRIGHT; ROBERT WYCHE,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:13-CV-2404

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Russell Hewitt, presently Louisiana prisoner # 64213, appeals from the district court's grant of summary judgment dismissing his 42 U.S.C. § 1983 complaint in which he contended that, while he was a pretrial detainee at the Caddo Correctional Center, prison officials were deliberately indifferent to his serious medical needs. He asserted that prison officials, in purposeful violation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of a directive that he be housed in a lower bunk on a lower tier, moved him to a cell on an upper tier to accommodate another inmate. Hewitt alleged that he fell while descending the stairs from the second-floor cell to which he was moved and that his back and nerves were injured. We review the grant of summary judgment *de novo*. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012).

On appeal, Hewitt does not set forth any specific argument regarding the district court's dismissal of his claims against Wyche. Accordingly, Hewitt has abandoned his claims regarding that defendant. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Hewitt argues that there was sufficient evidence to raise genuine issues of material fact as to whether his back injury was a "serious medical need" and whether the defendants responded to that need with deliberate indifference. We need not evaluate whether Hewitt had a "serious medical need" because, even if we assume that his injury qualified as a "serious medical need," he has not alleged the requisite official dereliction. Specifically, the record does not support that the defendants were aware that Hewitt faced a substantial risk of serious harm because of his alleged injury, disregarded that risk by moving him to a cell on an upper tier, and intended for him to be harmed. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994). While the record reflects that at least some of the defendants knew that Hewitt was assigned to a lower bunk on the lower tier, there is no indication that any defendant understood that the assignment was because of a medical condition that gave rise to a substantial risk of serious harm, thought that any medical condition would be implicated or exacerbated by moving Hewitt to an upper tier, purposefully ignored the likelihood that the move would create a serious risk of harm, and subjectively intended for Hewitt to suffer harm. *See id.* at 847. Thus, Hewitt has not shown

that the district court incorrectly granted summary judgment on his claim of deliberate indifference.

Further, Hewitt maintains that the district court wrongly dismissed his complaint as malicious pursuant to 28 U.S.C. § 1915(e).  He contends that the district court's conclusion that he presented a fraudulent claim was a result of it improperly making a credibility determination as to conflicting statements.  The dismissal of a complaint as malicious is reviewed for an abuse of discretion.  *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).

Contrary to Hewitt's assertion, the district court's decision to dismiss the complaint as malicious was not based upon a credibility finding.  Although his cellmate at the time of the relevant events provided separate statements that were not wholly consistent, only one of the statements complied with 28 U.S.C. § 1746 and, therefore, was competent summary judgment evidence.  The other statement, which was unsworn and did not comply with Section 1746, could not be considered in determining whether to grant summary judgment.  *See Hart v. Hairston*, 343 F.3d 762, 764 n.1 (5th Cir. 2003); FED. R. CIV. P. 56(c)(4); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988).  The district court relied upon the statement that it could review – which averred that Hewitt faked his fall down the stairs, fabricated his claim, and sought to pay a witness to give false testimony – and concluded that he sought to advance a malicious claim for purposes of Section 1915(e).

Hewitt contends that the district court erroneously failed to require the defendants to produce a videotape showing his move to a cell on an upper tier.  The district court did not abuse its discretion in denying his requests for the videotape.  *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817 (5th Cir. 2004).  His requests were not made until after the expiration of the deadline for discovery and after the defendants had moved for summary judgment; thus,

the requests were untimely.  Moreover, in light of the belated requests, which Hewitt did not explain, the videotape became unavailable and no longer could be produced by the defendants.  Hewitt otherwise did not establish that the videotape would have created a genuine issue of material fact that would have precluded summary judgment.  *See McFaul v. Valenzuela*, 684 F.3d 564, 580 (5th Cir. 2012).

Accordingly, the district court's judgment is affirmed.  Hewitt's motion for the appointment of counsel is denied because this case does not present the exceptional circumstances required for such an appointment.  *See Ulmer v. Chancellor*, 691 F.2d 209, 212–13 (5th Cir. 1982).

The district court's dismissal counts as a strike.  Hewitt has two previous strikes.  *See Hewitt v. Henderson*, 291 F. App'x 570, 571 (5th Cir. 2008).  Thus, he is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

AFFIRMED; MOTION DENIED; SANCTION BAR IMPOSED.